The U.S. Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning, counsel. Can you hear me? Yes, your honor. Thank you, your honor. Mr. Niles, before the clock begins, I want to say something. Can you hear me? Yes, sir. Okay. Both counsel, this is a difficult situation, of course, for everybody. So I need you guys to both listen up for judges' comments, okay? A lot of the time in these telephonic hearings, a judge will start asking a question and counsel won't hear it. So just be really careful about listening, okay? Yes, your honor. Yes, your honor. Okay. Let's start the clock and move forward then. You can begin, Mr. Niles. Thank you, your honor, and may it please the court. John Niles and with me remotely is Katie Clemons representing Mr. Guadalupe. I intend to address two issues. The first is why Mr. Guadalupe is a prevailing party. Mr. Niles? Yes, your honor. This is Judge Wallach. On page 19 of the red brief, the government says, I'm quoting, the fact remains that Mr. Guadalupe did not raise and specifically disclaimed presumptive service connection until his veterans court appeal. And a remand to make factual findings in the first instance and consider this argument cannot be predicated on administrative error. Two questions. One, given the specific disclaimer below by Mr. Guadalupe's attorney of presumptive service connection, how can the fault for that position lie with the VA? To address that question first, your honor, what your honor has quoted from the secretary's brief is the post hoc rationalization that the secretary offered to the courts regarding this issue. But the Board of Veterans Appeals did not find any waiver counsel post hoc or not. The question did did indeed Mr. Guadalupe's attorney specifically disclaim below. It sure looks to me like he did or she. No, your honor, it's Mr. Guadalupe's position that there was no waiver. The Board of Veterans Appeals did not find any waiver. This is something that if the Board of Veterans Appeals had been concerned by, it had a duty to address just had a statutory duty to address all material issues. Wait a minute. I'm not asking you about waiver. I'm asking you a specific disclaimer about presumptive service connection. And so whether it is a waiver or a disclaimer of an entitlement to presumptive service connection, it still it has to be clear, unambiguous, made with knowledge of the consequences and addressed by the board. The board did not find waiver. And so this assertion before the courts by the secretary's counsel in no way ameliorates the board's duty to have addressed the facts before it. Are you not going to answer my question, counsel? I'm sorry, your honor. My question is, was there, I've read the record and it sure looks like there's a specific disclaimer by counsel below. Is that not true? They said they were not making that claim. I apologize because I must have misunderstood your honor's question. Looking at the language itself that the secretary brought to this court's attention, it's at appendix page 204. And that is, it is not respectfully a waiver of the presumptive service connection under 38 CFR section 3307A3, which is the regulation that creates the presumptive service connection for multiple sclerosis so long as it manifested within seven years of Mr. Guadalupe's military service. Counsel, what was the exact language that counsel below used? The presumptive theory under 38 CFR 3.6 applied by the VA in denying the claim is inappropriate in this case. And section 3.6, that regulation speaks to when there can be a qualifying disability from inactive duty for training or in act dutra. And it's different from 38 CFR section 3307A3 and the related statute 1112A4 that speak to the seven year presumptive period for multiple sclerosis to manifest. I understand your argument now. And here at the evidence before the board included a reference to a CT scan that Mr. Guadalupe received right around seven years following his military service. He received that CT scan because he had been experiencing facial numbness and lightheadedness. And even though these are some of the hallmark symptoms of multiple sclerosis, and even though the board quoted the regulation 3307A3 giving rise to the presumption of service connection for multiple sclerosis, the board did not address that evidence. On appeal, the Veterans Court vacated the board's decision and remanded for the board to address it and address the VA's duty to assist Mr. Guadalupe to develop his claim to its optimum before adjudicating it sympathetically. Decisions such as Kelly v. Nicholson 463F3 1349 make claim that as a matter of law, the Veterans Court's decision on the merits here was predicated on agency error. It had to have been. The Veterans Court did not retain jurisdiction and it did require additional substantive agency proceedings. And for this reason, Mr. Guadalupe is a prevailing party. The second issue that I'd like to address is why the Veterans Court's substantial justification analysis cannot stand. The court's error has prevailed. Counsel, this is Judge Hughes. Are you arguing that courts cannot make alternative holdings? No, Your Honor. Not as a general principle. Now, what the Veterans Court... Are you arguing that courts can't make alternative holdings under AJA? Because I'm pretty sure that there are dozens, if not hundreds, of decisions across this country where courts make alternative holdings under AJA. Also, no, Your Honor. Mr. Guadalupe is not making that broad-ranging argument. But the Veterans Court also cannot inoculate its decision from this court's review for legal error by artfully wording its decision. And so... What do you mean by that? I mean, isn't it that the Veterans Court said no prevailing party status, but even if there was prevailing party status, the government was substantially justified? That seems to be a prototypical alternative holding, does it not? If that had been what the Veterans Court had done, then I think it'd be a much closer question. But the Veterans Court said, number one, Mr. Guadalupe is not a prevailing party. And then instead of assuming that he was a prevailing party and then offering a self-standing alternate holding as the substantial justification, it did the opposite. It proceeded from that negative conclusion against prevailing party and said that based on the totality of the circumstances and in the face of what it characterized as a legal argument first proposed before it, and so very much embracing its erroneous prevailing party analysis as a predicate here, it ruled against Mr. Guadalupe on substantial justification. And so there is no saying... Can you point to me in the Veterans Court opinion what you think is error? Yes, Your Honor. At appendix... Well, first of all, so... No, no, no, no. Point to me an opinion. I don't want a lot of preparatory argument. I know what the opinion says and you do too. Look at page six, which is where they talk about substantial justification. Yes, Your Honor. Based on the totality of the circumstances, the Veterans Argument first proposed on appeal to this court, the Secretary's position was substantially justified at both the administrative and litigation stages of this matter. That is error... Isn't that what the Veterans Court is... Sorry, I know there's a little lag so that I know you're not trying to talk over me. Isn't that exactly what the Veterans Court is supposed to do on a substantial justification? Look at the positions advanced by the parties and particularly the government and determine whether the government's position was substantially justified or not. In the abstract, but not where the Veterans Court allows an error from its prevailing party analysis to bleed into its substantial justification analysis, which is what it did here, its totality of the circumstances and saying in the case of a legal... Let me stop you again because I think I feel like you're blurring the issues now. Your argument was that they weren't allowed to make this particular alternative holding here, although you seem to agree that they could have made a substantial justification alternative holding. Now, it seems like you're arguing that their substantial justification holding was incorrect. Is that right? It was premised on a... It derived from an erroneous premise. Yes, Your Honor, which Mr. Because I don't think that's the argument that was made in the blue brief. I think the argument that was made in the blue brief was that this was not a proper alternative holding and therefore the Veterans Court was without legal authority to do that. But even assuming you preserve this argument that this was an improper substantial justification termination, doesn't our clear precedent say that this is not an issue we can review? That substantial justification is an law to fact and your argument that the Veterans Court has made an improper substantial justification determination is outside of our jurisdictional review? There certainly are circumstances where substantial justification presents an application of law to fact, but there are also circumstances where it does not. Smith versus Principi is one example of where it does not. And this case presents another where I... The blue brief at page 31 speaks of the Veterans Court continuing on from its prevailing party analysis. That erroneous analysis where it's been turning to the second of these... Well, that's the legal argument. Sorry, that's the legal argument we were talking about previously where the blue brief said once you've made the first finding on no prevailing party, you can't proceed on. But I thought I prevailing party status and substantial justification. So what's the legal error here in the substantial justification decision not based on the particular facts of this case, but an actual legal error in interpreting EJ and substantial justification? The legal error on substantial justification is number one, proceeding from an erroneous premise on from this prevailing party error. And number two, just as in Kelly versus Nicholson where this court is saying in Halpern where this court can treat as an issue of law, this type of error where the board is in Kelly and in here disregarding or overlooking evidence that had been before it when these facts are not disputed, this substantial justification is an issue of law. Mr. Guadalupe, unless this court has any further questions, we'd like to reserve the remainder of his time for rebuttal. Go ahead. You can reserve it. Thank you, Your Honor. Let's hear from the government. Yes, Your Honors. May it please the court, this court should dismiss the appeal or affirm because Mr. Guadalupe fails to demonstrate any legal error with regards to the Veterans Court substantial justification finding. This finding by itself- Counsel, this is Judge Hughes. I just want to be clear where you are. To the extent the blue brief raised a legal argument about whether the Veterans Court can proceed to substantial justification after it has found no prevailing party standard, you agree that that's a legal issue, correct? Well, Your Honor, whether the Veterans Court can proceed to rule on the second part of- Let me make it easier for you. I'm not trying to trick you here. I just want to figure out what we need to do. Is it legally permissible for courts to make alternative findings under EJA? That's a legal question, right? And to the extent the blue brief says it's not, you disagree, that's a legal issue we can address, right? Yes, that's a legal issue, Your Honor, although I wouldn't- Sorry, Your Honor. But that legal issue seems fairly well raised. And by well, I mean thoroughly, not, you know, on merit in the blue brief. But the question of whether the actual substantial justification determination is correct is an application of law to the fact that we lack jurisdiction to review. Is that correct? Is that your view? Yes, it's well established, for example, in Smith and Carpenter that the factual inquiry and the application of law to fact. Although I would note that in the cases where the court has found that there is a legal issue with the substantial justification finding, it was, for example, with the totality of the circumstances, whether the Veterans Court was using that test or a different test. Mr. Guadalupe really does not have a cogent argument that the Veterans Court was interpreting EJA here and continuing on to make it substantial justification finding or that there's something about how the statute or any case law was written that prevents the Veterans Court from writing its opinion in a certain way. So to the extent he's using words like unlawful or legally incorrect, that there's nothing that he points to in the case law or the statute that really supports that. This is simply an attempt to avoid the court's jurisdictional limits regarding substantial justification. You know, as to the argument that this is dicta and can just be disregarded, that is not how the court operates on an appeal. There must be a finding of reversible legal error. Courts of appeals do not classify things as dicta and then erase them. That's the purpose of classifying something as holding or dicta is for other courts that come later to see what is precedential or not. This court regularly affirms or dismisses appeals as long as one of the lower court's independent bases for its decision is correct or beyond the jurisdiction of this court to review. And there's no case that says any particular magic words are needed for a decision to be binding on the parties. So our position is that this court should dismiss their appeal simply on the substantial justification finding since that by itself precludes an award of EJA fees. So the court could end its analysis there. I will proceed in the alternative if the case would, if your honors would like that. However, really the substantial justification finding is enough here and beyond the court's jurisdiction to review. But the Veterans Court did not err in stating that Mr. Duadalupe was a prevailing party. The Robinson case, Robinson v. O'Rourke, should be dispositive of this matter. It is extremely similar to the situation here. A new legal argument was raised that required the Veterans Court to remand because it could not do de novo fact finding. The fact that Mr. Duadalupe points to something that was in the record is simply not, does not mean that the board erred in not looking at it. Robinson discusses that, also Bozeman. The fact that the board mentioned the order to explain how that did not apply to Mr. Duadalupe's National Guard Service, which was the only argument properly before it at that time. So Mr. Duadalupe's arguments have really already been rejected by this court in Robinson v. O'Rourke. If there's no further questions by the panel, I'd like to state that Mr. Duadalupe presents no basis for this court to reverse the finding that the Secretary's position was substantially justified. That's beyond the jurisdiction and the Veterans Court directly held that Mr. Duadalupe was not a prevailing party in the alternative. Thank you. Okay. Mr. Niles, you have a little bit of time left. Thank you, Your Honor. And I'll lead by saying words matter. The Veterans Court is well in the process of reviewing this case. It did not assume that Mr. Duadalupe is a prevailing party and then address substantial justification from that premise. It instead said based on the totality of the circumstances and in the face of what it characterized as a legal argument first proposed on appeal. And so drawing in the error of its prevailing party analysis to substantial justification and therefore infecting it to substantial justification analysis and leading to legal error on the substantial justification analysis flowing from that erroneous premise. That's something this court can review and something that Congress intended for this hearing. Very briefly, Your Honor, and I'm sorry I was catching my breath. On substantial justification, and I apologize because I lost my train of thought. Yes, Your Honor. On substantial justification, again, there is no need for the Veterans Court to address that. The fact that it did so anyway really does amount to the kind of artful wording that this court admonished in Kelly v. Nicholson that it will not permit as a basis for a Veterans Court decision to evade review. And with that, Your Honor, Mr. Duadalupe respectfully requests that the court reverse the Veterans Court's denial of EJIA fees or at a later date to reverse the Veterans Court's denial of prevailing party status and vacate and remand with respect to substantial justification. Thank you, Your Honors. Okay. Thank you. The court thanks both counsel and will take this matter as submitted and move on to the next case.